THE STATE EX REL. BROWN, APPELLANT, *v.* OHIO DEPARTMENT
OF REHABILITATION & CORRECTION, APPELLEE.

[Cite as *State ex rel. Brown v. Ohio Dept. of Rehab.
& Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348.]

(No. 2013–1567—Submitted May 13, 2014—Decided June 5, 2014.)

_____

**Per Curiam.**

{¶ 1} We dismiss this appeal from the Tenth District Court of Appeals as moot. Appellant, David E. Brown, filed an action for a writ of mandamus to compel

appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), to credit him with an additional 107 days of jail-time credit.

{¶ 2} However, according to the ODRC's Offender Search website, Brown was released from prison on November 25, 2013, and is now on postrelease control. *See* http://www.drc.state.oh.us/OffenderSearch/details.aspx?id=A598641 (accessed May 20, 2014). Because he has served his full term of incarceration, his action in mandamus seeking jail-time credit is moot.[1] *State ex rel. Gordon v. Murphy,* 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6; *State ex rel. Compton v. Sutula,* 132 Ohio St.3d 35, 2012-Ohio-1653, 968 N.E.2d 476, ¶ 5.

{¶ 3} We therefore dismiss Brown's appeal.

Appeal dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

David E. Brown, pro se.

Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for appellee.

———————

1. An event that causes a case to become moot may be proved by extrinsic evidence. *Pewitt v. Lorain Corr. Inst.,* 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).